FILED
2009 Jun-29 PM 02:35
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# MIDDLE DIVISION

| | |
|---|---|
| JACK LYDELL MARTIN, | ) |
| Plaintiff , | ) |
| v. | ) Case No. 4:09-cv-00303-RBP-RRA |
| COUNTY OF WINSTON, ALABAMA, et al., | ) |
| Defendants. | ) |

## MEMORANDUM OF OPINION

The magistrate judge filed a Report and Recommendation on June 1, 2009, recommending that the plaintiff's Fourteenth Amendment failure to protect and medical care claims against Winston County, Sheriff Ed Townsend, and Winston County Jail "Staff Employees" be dismissed pursuant to 28 U.S.C. § 1915A(b)(1) and/or (2).  The magistrate judge further recommended that the plaintiff's medical care claims which occurred after his second arrest on or around June 27, 2007, be dismissed.  Lastly, the magistrate judge recommended that the plaintiff's Fourteenth Amendment failure to protect and medical care claims against Officer James Wright be referred to the magistrate judge for further proceedings.  The plaintiff filed objections to the Report and Recommendation on June 15, 2009.  (Doc. 7.)

The plaintiff first objects to the dismissal of his claims against Winston County.  He contends that the Winston County Jail is overcrowded and argues that the County is responsible for providing safe conditions for jail inmates but failed to do so. (Doc. 7 at 1-2.)   The United States Supreme Court has held that municipalities and other local bodies could be treated as persons for purposes of

a § 1983 action. *Monell v. Dep't. of Soc. Serv.*, 436 U.S. 658 (1978). However, the Supreme Court held that local bodies could be sued directly only for constitutional violation caused by "a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." *Id*. at 690. The plaintiff does not allege any facts demonstrating that the overcrowding at the jail was the result of a policy statement, ordinance, regulation, or decision adopted by Winston County. Therefore, his claim against Winston County is due to be dismissed.

Next, the plaintiff objects to the dismissal of his claims against Sheriff Ed Townsend. Specifically, the magistrate judge found that the plaintiff failed to allege that: (1) Townsend personally violated the plaintiff's constitutional rights or (2) Townsend knew of, sanctioned, participated in, or was otherwise affirmatively linked to actions committed by his subordinates which violated the plaintiff's constitutional rights. In his objections, the plaintiff contends that Townsend was aware of the plaintiff's requests to be moved to another cell "due to the violent outbursts of the mentally unstable inmate, yet failed to act within his authority to protect the Plaintiff." (Doc. 7 at 2.) The plaintiff further alleges that Townsend was aware that the plaintiff's cellmate was given medication for his mental illness which caused the inmate to have violent outbursts; however, Townsend continued to allow the plaintiff to stay in the same cell with the inmate. *Id*.

The plaintiff failed to allege any of the foregoing facts in his complaint as a basis for his claims against Defendant Townsend. However, these new allegations could state a Fourteenth Amendment failure to protect claim against Townsend for purposes of 28 U.S.C. § 1915A. Indeed, institutional officers have a duty to "'take reasonable measures to guarantee the safety of the inmates'" in their custody. *Farmer v. Brennan*, 511 U.S. 517, 526-27 (1984)(internal citations omitted). Thus, due to the new allegations, the plaintiff's Fourteenth Amendment failure to protect

claim against Defendant Townsend is REMANDED to the magistrate judge so that the plaintiff may amend his complaint to restate his claim against Defendant Townsend.

The plaintiff also objects to the dismissal of his claims against "Staff Employees of the Winston County Jail." He states that he does not know the names of the individual officers he claims failed to provide him with adequate medical care and requests time to file discovery motions to "acquire each name of the person(s) named as 'Staff Employees.'" (Doc. 7 at 3.) There is no provision in the federal statutes or Federal Rules of Civil Procedure for the use of fictitious parties. Moreover, it is the plaintiff's responsibility to obtain the name of each defendant he intends to name in a lawsuit. *See New v. Sports and Recreation, Inc.*, 114 F.3d 1092, 1094 n.1 (11th Cir. 1997). Therefore, the plaintiff's claims against the fictitious parties are due to be dismissed.

Even if the plaintiff had properly named these individual officers, he has not alleged a valid constitutional claim against them. The U.S. Supreme Court has held that it is only deliberate indifference to serious medical needs which is actionable under 42 U.S.C. § 1983. *See Estelle v. Gamble*, 429 U.S. 97 (1976). The conduct of prison officials must run counter to evolving standards of decency or involve the unnecessary and wanton infliction of pain to be actionable under § 1983. *See Bass v. Sullivan*, 550 F.2d 229 (5th Cir. 1977). Mere negligence is insufficient to support a constitutional claim. *See Fielder v. Brossard*, 590 F.2d 105 (5th Cir. 1979). Moreover, an accidental or inadvertent failure to provide medical care, or negligent diagnosis or treatment of a medical condition, does not constitute a wrong under the Eighth Amendment. *See Ramos v. Lamm*, 639 F.2d 559 (10th Cir. 1980).

By the plaintiff's own account, once he notified officers that he was in pain, he was given ice for the swelling and pain medication. (Compl. at 3.) While the plaintiff has alleged that he

suffered from a serious medical need, he does not allege any facts in his complaint that the officers were deliberately indifferent to that need. At best, the plaintiff alleges that the officers were negligent in diagnosing and treating plaintiff's arm. Negligence, however, is insufficient to support a constitutional claim. *See Fielder v. Brossard*, 490 F.2d 105 (5th Cir. 1979); *see also Ramos v. Lamm*, 639 F.2d 559 (10th Cir. 1980)(holding that an accidental or inadvertent failure to provide medical care, or negligent diagnosis or treatment of a medical condition, does not constitute a wrong under the Eighth Amendment). Therefore, the plaintiff's medical care claims against "Staff Employees" are due to be dismissed.

Having carefully reviewed and considered *de novo* all the materials in the court file, including the Report and Recommendation, and the objections thereto, the court is of the opinion that the magistrate judge's report is due to be and is hereby ADOPTED and the recommendation is ACCEPTED, with the EXCEPTION of the plaintiff's Fourteenth Amendment failure to protect claim against Defendant Townsend which is REMANDED to the magistrate judge for further proceedings.

Therefore, the plaintiff's Fourteenth Amendment failure to protect and medical care claims against Defendants Winston County and Winston County Jail "Staff Employees" are due to be DISMISSED pursuant to 28 U.S.C. § 1915A(b)(1) and/or (2). The plaintiff's medical care claims which occurred after his second arrest on or around June 27, 2007, are also due to be DISMISSED pursuant to 28 U.S.C. § 1915A(b)(1) and/or (2). The plaintiff's Fourteenth Amendment failure to protect and medical care claims against Defendant James Wright are REFERRED to the magistrate judge for further proceedings. The plaintiff's Fourteenth Amendment failure to protect claim against Defendant Townsend is REMANDED to the magistrate judge so that the plaintiff may amend his

complaint to restate his claim against Defendant Townsend.  An appropriate order will be entered.

DONE this 29th day of June, 2009.

_____
ROBERT B. PROPST
SENIOR UNITED STATES DISTRICT JUDGE