# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# MIDDLE DIVISION

JACK LYDELL MARTIN,                )
                                   )
    Plaintiff,                     )
                                   )
vs.                                ) Case No. 4:09-cv-00303-WMA-RRA
                                   )
COUNTY OF WINSTON,                 )
ALABAMA, et al.,                   )
                                   )
    Defendants.                    )

## MEMORANDUM OF OPINION

The magistrate judge filed a Report and Recommendation on August 19, 2010, recommending that the defendants' motion for summary judgment be granted and this cause be dismissed with prejudice. (Doc. 28.) Plaintiff filed objections on August 31, 2010. (Doc. 30.)

The plaintiff alleges in his complaint that Defendants Townsend and Wright failed to protect him from an inmate attack. Based on the undisputed facts, the magistrate judge determined that the plaintiff did not inform the defendants that his cellmate's violent outbursts were directed toward him personally. Neither was there evidence that the plaintiff notified the defendants of a specific prior incident or threat from which the defendants could infer that a substantial risk existed. Therefore, the

magistrate judge held that the plaintiff failed to establish that the defendants had a subjective awareness of a substantial risk of serious harm to the plaintiff.

In his objections, the plaintiff writes:

> Plaintiff is pro se and re[lies] solely upon his limited understanding of the law in filing and responding in this action. Therefore, Plaintiff did not realize the Court needed word for word specifics when alleging the incident. When Plaintiff stated he complained about his cellmate[']s violent outbursts he assumed the Court understood that those outbursts were directed toward him.

(Doc. 30 at 1-2.) The plaintiff proceeds to allege several instances in which he notified the defendants of his cellmate's erratic behavior and threats toward him specifically.[1] The plaintiff further alleges for the first time that he questioned Inmate Kelly "while [he] was in his right state of mind," and that Kelly stated he was bipolar and took medication daily. (Doc. 30 at 3.) The plaintiff's new allegations are neither sworn nor made under penalty of perjury.

Consistent with *Griffith v. Wainwright*, 772 F.2d 822 (11th Cir. 1985), this court has consistently notified *pro se* inmate plaintiffs of their obligations under Rule 56, FED. R. CIV. P., in opposing a motion for summary judgment. On February 8,

---

[1] The plaintiff maintains for the first time in the course of this litigation that he notified the defendants that Inmate Kelly (1) screamed and beat on the bars; (2) stared at the plaintiff while rocking back and forth on his bunk and holding an ink pen; (3) threatened to stab the plaintiff in the eye with the pen; and (4) knocked the plaintiff's notepad out of his hand. (Doc. 30 at 2.)

2010, the plaintiff was notified that the defendants' Special Report would be construed as a motion for summary judgment pursuant to FED. R. CIV. P. 56. (Doc. 23.) The plaintiff was informed of the following:

> When a motion for summary judgment is supported by affidavits and/or other documents, the party opposing the motion may not depend upon mere allegations in his pleadings to counter it. The party opposing the motion must respond with counter-affidavits and/or documents to set forth specific facts showing that there is a genuine issue of material fact to be litigated at the trial. If the party opposing the motion does not comply with Rule 56, the Court may declare that the facts in the affidavits and/or documents supporting the motion are established as true and that there is no genuine issue of material fact in dispute.

*Id*. at 1.

When presented with the defendants' Special Report, the plaintiff had an affirmative duty to submit at that time any evidence, legal theories, and arguments which he believed would support his position. Furthermore, the plaintiff was given adequate notice of and was advised both of his rights and responsibilities with respect to the defendants' motion. While *pro se* litigants are given wide latitude, *see Haines v. Kerner*, 404 U.S. 519 (1972), that latitude is not boundless and will not be used to contravene the requirements of Rule 56. The court finds that it is improper to consider the plaintiff's new allegations when reviewing the magistrate judge's Report

and Recommendation. Accordingly, the plaintiff's objections are overruled to the extent he alleges new facts.[2]

The plaintiff also argues that due to his incarceration, he is unable to comply with the requirement that he place verifying medical evidence in the record to establish the detrimental effect of Defendant Wright's delay in providing him with medical treatment. (Doc. 30 at 4.) Despite the plaintiff's status as a *pro se* prisoner, the law in this Circuit is clear that an inmate who complains that delay in medical treatment rose to a constitutional violation must provide verifying medical evidence to establish the detrimental effect of the delay in medical treatment to succeed. *See Hill v. DeKalb Regional Youth*, 40 F.3d 1176, 1188 (11th Cir. 1994), *abrogated on other grounds by Hope v. Pelzer*, 536 U.S. 730 (2002). Therefore, the plaintiff's failure to submit such evidence cannot be excused.[3]

Having carefully reviewed and considered *de novo* all the materials in the court file, including the Report and Recommendation and the objections filed by the plaintiff, the Court is of the opinion that the magistrate judge's Report is due to be and

---

[2]   The plaintiff was also advised in the Report and Recommendation's "Notice of Right to Object" that the filing of objections is not a proper vehicle to make new allegations or present additional evidence. (Doc. 28 at 21-22.)

[3]   Additionally, the plaintiff's undisputed failure to exhaust his administrative remedies through the jail's grievance procedure also necessitates the dismissal of his medical care claim against Defendant Wright pursuant to 42 U.S.C. § 1997(e).

is hereby ADOPTED and his Recommendation is ACCEPTED. The Court EXPRESSLY FINDS that there are no genuine issues of material fact and that the defendants are entitled to judgment as a matter of law. Accordingly, defendants' motion for summary judgment is due to be GRANTED and this action is due to be DISMISSED WITH PREJUDICE.

A Final Judgment will be entered.

DONE this 30th day of September, 2010.

_____
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE